UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Joan Marie Hoffman
18 Smoke Rise Lane
Bedminster, NJ 07921
908 326 6543

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ
2018 MAR 15  P 2:36
JEANNE A. NAUGHTON
BY _____ DEPUTY CLERK

JOAN MARIE HOFFMAN
D/B/A HEALTH SYSTEMS LLC

Case No.: 18-11287-CMG
*[Enter the case number]*

Chapter: 7
*[Enter the chapter; example: 13]*

Hearing Date: 03/27/18
*[Enter the hearing date]*

Judge: GRAVELLE
*[Enter the Judge's last name]*

## CROSS NOTICE OF MOTION TO

*[Enter the relief sought]* IMPOSE THE AUTOMATIC STAY ON CALIBER HOME LOANS

JOAN MARIE HOFFMAN has filed papers with the court to *[Enter the relief sought]* STOP 4/10/18 SHERIFF'S SALE DUE TO PENDING LITIGATION (PAPERS ATTACHED)

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: 4/3/18
*[Enter the date of the hearing]*

Hearing Time: 10:00 AM
*[Enter the time of the hearing]*

Hearing Location: 402 E. STATE ST
*[Enter the location of the hearing]*
TRENTON, NJ 08608

Courtroom Number: 3
*[Enter the courtroom number]*

WIR TELEPHONE
908-326-6543

If you mail your response to the clerk for filing, you must mail it early enough so the court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy of your response to:

*[Enter the trustee's name and address]*

*[Enter the name and address of all other parties who will be affected by this motion]*

CALIBER HOME LOANS
13801 WIRELESS WAY
OKLAHOMA CITY, OK 73134

JOHN W. HARGRAVE, TRUSTEE
117 CLEMENTS BRIDGE RD
BARRINGTON, NJ 08007

KML LAW GROUP
216 HADDEN AVE SUITE 406
WESTMONT, NJ 08108

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: ___March 12, 2018___
*[Enter the date this document is signed]*

Signature *[Of the party seeking relief]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Joan Marie Hoffman
18 Smoke Rise Lane
Bedminster, NJ 07921
908 326 6543

JOAN MARIE HOFFMAN
D/B/A HEALTH SYSTEMS LLC

Case No.: _18-11287-CMG_
[Enter the case number]

Chapter: _7_
[Enter the chapter; example: 13]

Hearing Date: _04/03/18_
[Enter the hearing date]

Judge: _GRAVELLE_
[Enter the Judge's last name]

### NOTICE OF MOTION TO

[Enter the relief sought] _OBJECT TO MOTION FOR RELIEF FROM STAY_

[Enter your name] _JOAN MARIE HOFFMAN_ has filed papers with the court to [Enter the relief sought]
_IMPOSE STAY TO ALLOW TIME FOR PENDING LITIGATION_
_(C-12005-18) TO BE RESOLVED._ **YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: _04/03/18_
[Enter the date of the hearing]

Hearing Time: _10:00 AM_
[Enter the time of the hearing]

Hearing Location: _402 E. STATE ST_
[Enter the location of the hearing]
_TRENTON, NJ 08608_

VIA TELEPHONE

Courtroom Number: _3_
[Enter the courtroom number]

If you mail your response to the clerk for filing, you must mail it early enough so the court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy of your response to:

*[Enter the trustee's name and address]*

*[Enter the name and address of all other parties who will be affected by this motion]*

JOHN W. HARGRAVE, TRUSTEE
117 CLEMENTS BRIDGE RD.
BARRINGTON, NJ 08007

CALIBER HOME LOANS
13801 WIRELESS WAY
OKLAHOMA CITY, OK  73134

KML LAW GROUP
216 HADDEN AVE  SUITE 406
WESTMONT, NJ 08108

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: __March 14, 2018__
*[Enter the date this document is signed]*

__Joan Melw Hoffa__
Signature *[Of the party seeking relief]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Joan Marie Hoffman
18 Smoke Rise Lane
Bedminster, NJ 07921
908 326 6543

JOAN MARIE HOFFMAN
D/B/A HEALTH SYSTEMS LLC

Case No.: _18-11287-CMG_
*[Enter the case number]*

Chapter: _7_
*[Enter the chapter]*

Hearing Date: _04/03/18_
*[Enter the hearing date]*

Judge: _GRAVELLE_
*[Enter the judge's last name]*

**CERTIFICATION OF** _JOAN MARIE HOFFMAN_
*[Enter the name of the person that has personal knowledge of the facts set forth below]*

I, *[Enter the name of the person that has personal knowledge of the facts set forth below]*
_JOAN MARIE HOFFMAN_ , *[Enter their relationship to the case. For
example: debtor, creditor]* _SAME_ in the above captioned case, submits this
Certification in support of the Motion for *[Enter title of motion]* _OBJECTION TO_
_FOR RELIEF FROM STAY_ filed by me on *[Enter the date the motion was
filed]* _MAILED 03/12/18_

1. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a
separate numbered paragraph.]* _PLEASE SEE ATTACHED_

Re:  18-11287-CMG  Attachment to Motion to Impose Automatic Stay for Caliber Home Loans

On January 31, 2018 I filed a complaint against Caliber Home Loans (C-12005-18) with the Somerset County Superior Court for fraudulent activity regarding my home mortgage. Subsequently, Caliber has assigned a New York attorney regarding a settlement resolution.

The action of KML Law Group to proceed immediately to Sheriff's Sale April 10, 2018 demonstrates that they are ignorant of the aforementioned litigation or wish to proceed contrary to Caliber Home Loan's wishes.

Imposing the Automatic Stay on this case would allow time for this matter to be resolved.

Date:  March 12, 2018                          Joan Marie Hoffman

2. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* PLEASE SEE ATTACHED

3. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]*

4. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]*

5. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]*

I certify under penalty of perjury that the above is true.

Date: MARCH 10, 2018
*[Enter the date this document is signed]*

Joan Marie Hoff
Signature
*[Of the party with actual knowledge of the facts set forth above]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

JOAN MARIE HOFFMAN
18 SMOKE RISE LANE
BEDMINSTER, NEW JERSEY 07921
908 326 6543

| | |
|---|---|
| Case No.: | 18-11287-CMG |
| Chapter: | 7 |

In Re:

JOAN MARIE HOFFMAN
D/B/A HEALTH SYSTEMS  LLC

| | |
|---|---|
| Adv. No.: | |
| Hearing Date: | APRIL 3, 2018 |
| Judge: | Gravelle |

## CERTIFICATION OF SERVICE

1. I, ___JOAN MARIE HOFFMAN___ :

   ☐ represent _____ in this matter.

   ☐ am the secretary/paralegal for _____, who represents
   _____ in this matter.

   ☒ am the ___DEBTOR___ in this case and am representing myself.

2. On ___MARCH 12, 2018___, I sent a copy of the following pleadings and/or documents
   to the parties listed in the chart below.
   NOTICE OF MOTION TO IMPOSE THE AUTOMATIC STAY
   CERTIFICATION OF JOAN MARIE HOFFMAN
   AMENDED COMPLAINT C-12005-18 SUPERIOR COURT SOMERSET COUNTY FILED
   JANUARY 31, 2018

3. I certify under penalty of perjury that the above documents were sent using the mode of service
   indicated.

Date: ___MARCH 12, 2018___

_Joan Marie Hoffman_
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| CALIBER HOME LOANS<br>13801 WIRELESS WAY<br>OKLAHOMA CITY, OK 73134 | CREDITOR | ☐ Hand-delivered<br>☐ Regular mail<br>☒ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| JOHN W. HARGRAVE, ESQ.<br>Law Offices of John W. Hargrave<br>117 CLEMENTS BRIDGE ROAD<br>BARRINGTON, NJ 08007 | TRUSTEE | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| KML LAW GROUP<br>216 HADDEN AVE. SUITE 406<br>WESTMONT, NJ 08108 | SHERIFF SALE ATTORNEYS FOR CALIBER HOME LOANS | ☐ Hand-delivered<br>☐ Regular mail<br>☒ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**JOAN MARIE HOFFMAN
18 SMOKE RISE LANE
BEDMINSTER,NJ 07921**

U S BANKRUPTCY COURT
FILED
TRENTON,NJ

2018 MAR 15  P 2: 36

JEANNE A. NAUGHTON

BY: _____
DEPUTY CLERK

In Re:

**JOAN MARIE HOFFMAN D/B/A
HEALTHSYSTEMS, LLC**

Case No.: _____18-11287-CMG_____

Chapter: _____7_____

Hearing Date: ____March 27, 2018____

Judge: _____Gravelle_____

## APPLICATION FOR ORDER SHORTENING TIME

The applicant _____Joan Marie Hoffman_____ , on behalf of

_____Same_____ requests that the time period to/for

_____ as required by _____ be shortened

pursuant to Fed. R. Bankr. P 9006(c)(1), for the reason(s) set forth below:

1. A shortened time hearing is requested because:
   A Sheriff's Sale date is scheduled for April 10, 2018, Caliber Home Loans has
   scheduled a hearing date for April 3, 2018

2. State the hearing dates requested:
   March 27, 2018

3. Reduction of the time period is not prohibited under Fed. R. Bankr. P 9006(c)(1).

The applicant requests entry of the proposed order shortening time.

Date: __March 12, 2017__

_Signature_

*rev.8/1/15*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Joan Marie Hoffman
18 Smoke Rise Lane
Bedminster, NJ 07921
908 326 6543

JOAN MARIE HOFFMAN
D/B/A HEALTH SYSTEMS LLC

Case No.: 18-11287-CMG
*[Enter the case number]*

Chapter: 7
*[Enter the chapter]*

Hearing Date: 03/27/18
*[Enter the hearing date]*

Judge: GRAVELLE
*[Enter the judge's last name]*

**CERTIFICATION OF** JOAN MARIE HOFFMAN
*[Enter the name of the person that has personal knowledge of the facts set forth below]*

I, *[Enter the name of the person that has personal knowledge of the facts set forth below]*
JOAN MARIE HOFFMAN , *[Enter their relationship to the case. For
example: debtor, creditor]* SAME in the above captioned case, submits this
Certification in support of the Motion for *[Enter title of motion]* _____
_____ filed by me on *[Enter the date the motion was
filed]* 3/13/18 .

1. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a
separate numbered paragraph.]* PLEASE SEE ATTACHED
_____
_____
_____

Re:  18-11287-CMG  Attachment to Motion to Impose Automatic Stay for Caliber Home Loans

On January 31, 2018 I filed a complaint against Caliber Home Loans (C-12005-18) with the Somerset County Superior Court for fraudulent activity regarding my home mortgage. Subsequently, Caliber has assigned a New York attorney regarding a settlement resolution.

The action of KML Law Group to proceed immediately to Sheriff's Sale April 10, 2018 demonstrates that they are ignorant of the aforementioned litigation or wish to proceed contrary to Caliber Home Loan's wishes.

Imposing the Automatic Stay on this case would allow time for this matter to be resolved.

Date:  March 12, 2018                          Joan Marie Hoffman

2. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* PLEASE SEE ATTACHED

3. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* _____

4. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* _____

5. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* _____

I certify under penalty of perjury that the above is true.

Date: MARCH 12, 2018

*[Enter the date this document is signed]*

Signature

*[Of the party with actual knowledge of the facts set forth above]*

U.S BANKRUPTCY COURT
FILED
TRENTON NJ

2018 MAR 15  P 2:36

JEANNE A. NAUGHTON

DEPUTY CLERK

Joan Hoffman                    .
18 Smoke Rise Lane              .        SUPERIOR COURT OF
Bedminster, NJ 07921            .        NEW JERSEY CIVIL DIVISION
908 326 6543                    .        SOMERSET COUNTY
                                         DOCKET C-12005-18

JOAN MARIE HOFFMAN,             .

                Plaintiff       .        AMENDED
                                         COMPLAINT AND JURY DEMAND
vs.                             .

J. P. MORGAN CHASE             .

CALIBER HOME LOANS,            .

                Defendants      .

                                .

I, Joan Marie Hoffman, residing at 18 Smoke Rise Lane, Bedminster, NJ 07921, by way of complaint

against the Defendants, states as follows:

1.  Shortly after my home went into foreclosure I proposed a plan for redemption of my home to

    J.P. Morgan Chase (hereinafter shall be known as Chase) via a reverse mortgage Exhibit A.  My

    correspondence was left unanswered.  More recently Chase has acknowledged same with a

    letter acknowledging their negligence along with a $100 check.  Exhibit B  Please note Exhibits

    mentioned in Plaintiff's letter to Chase have different letter designations and these letter

    designations  should be disregarded as the correct Exhibit letters are outlined in this complaint.

2.  On October 16, 2017 Plaintiff responded to said letter requesting a settlement for all the

    hardship Plaintiff has incurred.  Exhibit C.  As of this date Chase has not responded to Plaintiff's

    letter or request.

3.  Inasmuch as Plaintiff was unable to move for lack of finances she had no choice but to remain in Plaintiff's residence where Plaintiff suffered extreme hardship from a next door neighbor who assaulted her with fireplace smoke 12 months of the year causing illness and respiratory problems.

4.  On July 1, 2015 Chase sold Plaintiff's mortgage loan to US Bank trust NA serviced by Caliber Home Loans (hereinafter shall be known as Caliber).

5.  A copy of the Judgment obtained from Chase reflected Interest of $56,348.91 and Escrows of $41,896.11. Exhibit D

6.  On July 10, 2015 Caliber sent Plaintiff notification of same declaring that her Interest was $195,581.86 and Escrow $60,025.69. Exhibit E

7.  Having just acquired the loan Caliber claimed indebtedness of an increase of $139,232.95 in Interest and $18,129.58 – for a total increase of $154,362.53 in just 9 days. Exhibit E

8.  As of November 14, 2017 Caliber is fraudulently claiming that they are owed $235,090.66 in Interest and $86,305.59 in Escrows. Exhibit F

9.  Please note Plaintiff's monthly interest on her mortgage is approximately $1200/month and $950/month for taxes and home insurance, a total of $2150/month.  This amounts to $34,800 in interest and $27,550 in escrows for the 29 months Caliber has held the loan.

10. Compare:

| As of July 10, 2015:Caliber | | Actual |
|---|---|---|
| Interest | $195,581.86 | $56,348.91 |
| Escrows | $ 60,025.69 | $41,896.11 |
| As of November, 2017: | | |
| Interest | $ 235,090.66 | $91,148.91 |
| Escrows | $ 86,305.59 | $69,446.91 |

11. Caliber and Chase are in collusion with Caliber in acquiring loans in distress, Exhibit G, for the

purpose of immediate foreclosure and assessing the ex-homeowner with substantial arrears which have been grossly inflated. Caliber will then pursue the ex-homeowner for mortgage deficiencies at an interest rate of their choosing.

12. Caliber had offered Plaintiff $35,000 relocation money for a short sale with an expiration date of 2 weeks Exhibit H, has rejected contracts because they did not meet their high appraisal of the property (from an affiliate of theirs), Caliber has refused to even look at contracts because they were within a 37 day timeline of the Sheriff Sale date, Exhibit I, Caliber has instituted another arbitrary policy that they were not accepting any contracts that incurred a loss, Exhibit J. All short sale contracts presumably incur a loss, however, this probably would not be the case since Plaintiff's loan was purchased at a substantial discount. But with the highly inflated arrears Plaintiff's home would never qualify under Caliber's most recent mandate of not permitting any contracts whatsoever.

13. Due to the fraudulent behavior of both Chase and Caliber Plaintiff is seeking the return of her home of 21 years. Plaintiff has paid over $400,000 in interest alone, the purchase price of her home was $329,000. This was due to being coerced into "interest only" loans.

14. Defendants could be compensated by a tax write-off which will most likely be based on their highly inflated demands and more likely receive more financial benefit than a Sheriff's Sale.

15. Or the alternative, Plaintiff and her pets become homeless and do not survive and Defendants face a multi-million dollar Wrongful Death Lawsuit.

16. For the record, senior housing is practically non-existent. There is a 2-4 year waiting list, the list is currently closed, and Plaintiff does not even qualify to be put on the list until she is no longer a homeowner.

17. Plaintiff demands trial by jury as to all issues of fact.

Wherefore Plaintiff demands judgment as follows:

a.  Adjourn Sheriff Sale until further Order of this Court.

b.  The amount of $375,000 for damages and losses.

Date:  January 31, 2018

_____
Joan Marie Hoffman

## CERTIFICATION

The undersigned certifies that the matter in controversy is not the subject of any other action pending in

any court or of a pending arbitration proceedings that no other action or arbitration proceedings is

contemplated and that there are no other parties that should be joined in this action.

Date:  January 31, 2018

_____
Joan Marie Hoffman

# EXHIBIT A

*C̶N̶1̶4̶S̶E̶*   *F-34978-08*

## HARDSHIP LETTER – JOAN MARIE HOFFMAN  3/31/10

My entire life I have always paid my bills on time, but a few years into our alimony agreement my ex-husband found a legal loophole and my income was reduced by 70%.

At this time I took out a second mortgage to make ends meet and subsequently was vulnerable to a lower variable rate interest only first mortgage with WAMU. Unfortunately, the rates started to climb and after approximately 3 years both payments exceeded $5000.

I refinanced to a fixed rate with WAMU at 7% (which was very high) and shortly thereafter the interest rates started falling. WAMU refused to let me refinance because they said I did not have enough equity in the home. I hung on for a few more months and then defaulted. After 2 months they approached me offering a mortgage modification, but it was too late. I was then locked in to a high 7% while mortgages were being offered in the 4's.

PROPOSAL – REDUCE MY MORTGAGE PRINCIPAL TAKING ADVANTAGE OF NEW GOVERNMENT FUNDING. I WILL THEN IMMEDIATELY REFINANCE TO A FHA REVERSE MORTGAGE LOAN AND WAMU WILL BE PAID IN FULL FOR THE BALANCE OWED.

PLEASE NOTE I AM A SENIOR CITIZEN WITH NO FAMILY AND NO PLACE TO GO.

NOTE; I EXPRESSLY DO NOT AUTHORIZE ANY HUD AGENCY TO NEGOTIATE ON MY BEHALF WITHOUT MY BEING PRESENT.

Note to WAMU: I am self employed as a writer (joanyork.com), however, I am forced to wait for my inheritance monies to launch a marketing campaign. Have enclosed royalty statements which reflect entry level.

# EXHIBIT B

**Chase (Mail Code OH4-7144)**
P.O. Box 183216
Columbus. OH 43218-3216



September 26. 2017

JOAN HOFFMAN
C/O GREGORY A MOLYNEUX ESQ
PO BOX 276
PLUCKEMIN. NJ 07978

**We've enclosed a check for your mortgage loan**

Account Ending In:     1897
Property Address:      18  Smoke Rise Ln
                       Bedminster. NJ 07921

Dear Joan Hoffman

We found that we may have made an error while we serviced your loan that could have extended the document collection period during our review of your application for mortgage assistance  We've enclosed a check for $100 as compensation.

**Year-end tax information** We'll send you Form 1099-MISC (Miscellaneous Income) or Form 1042-S (Foreign Person's U S. Source Income Subject to Withholding) for tax year 2017. if required by the IRS  If you have questions about how this affects your tax return, please contact your tax advisor

We sincerely apologize for not providing you with the level of service you expect from us.

**This letter is for your information only—no action is required on your part.**

If you have questions, please call us at one of the numbers below Monday through Friday from 8 a m  to midnight and Saturday from 8 a m  to 8 p m  Eastern Time.

Sincerely,

Steve Brooks
Executive Director
1-800-848-9136
1-800-582-0542 TTY

Please Detach Before Depositing Check

**Chase (Mail Code OH4-7144)**
P.O. Box 183216
Columbus, OH 43218-3216

CHECK NUMBER: 2175106

September 26, 2017

** VOID AFTER 180 DAYS **

PAY TO THE
ORDER OF:
JOAN HOFFMAN
PO BOX 276
PLUCKEMIN, NJ 07978

AMOUNT

$100.00

One Hundred and 00/100 Dollars

JPMORGAN CHASE BANK N.A

Authorized Signature

⑆2175106⑆ ⑆044000037⑆ 980116070⑆

EXHIBIT C

Chase

3415 Vision Drive

Columbus, Ohio 43219

Via Certified, Return Receipt

October 17, 2017

Attention: Steve Brooks

Dear Mr. Brooks:

I am in receipt of your letter of September 26, 2017 whereby you admit to negligence servicing my loan.  Exhibit A   The error in servicing you are referring to is as follows:

A short time after I went into foreclosure I discovered I could redeem my home with a reverse mortgage which at the time I qualified for over $400,000. However, I never received any reply to this request and my subsequent correspondence was ignored. Exhibit B

Due to the fact that I was forced to stay in my home, as I had no funds with which to move, I was subject to my next door neighbor's attempts to remove me from the premises by burning large amounts of wood in his fireplace which gave off enormous amounts of smoke 12 months of the year, sometimes for 15 hours a day in high heat and humidity. His fireplace was 15 feet away from the side of my home.

His motive was that he did not approve of living next door to a home in foreclosure and sent me an email stating that I was a "freeloader".  This continued for over 3 years with continuing damage to my lungs. (He no longer lives there but the harm he caused me is still evident).

The HOA chose not to intervene and the police were angry that I was "bothering them".

Instead Chase chose to sell my loan (for less than the amount I proposed to redeem my home) to the LSF9 Master Participation Trust Investor Group, Exhibit C, a group who specializes in distressed loans for with the following intent:

1. They purchase distressed loans at a substantial discount.
2. Their servicer Caliber Home Loans begins assessing large arrears to the original judgment.  Exhibit D
3. Caliber's attorneys immediately obtain the Writ and file papers with the local Sheriff's Office to proceed with a Sheriff SALE. My papers were in line for the sale at the Sheriff's office within 2 months. They have no real interest in helping a homeowner keep their home unless they are willing to pay them considerably more than their home is worth.
4. A 37 day time limit prior to the Sheriff Sale date is imposed whereby no short sale contract can be submitted no matter how high the dollar amount. Exhibit E
5. Caliber sent their appraiser to my home who values the home above market value without taking into account all the repairs and updates needed. Exhibit F
6. Their malfeasance becomes obvious after a short time that they are not concerned with the lower amount of the Sheriff Sale as they intend to pursue the unsuspecting ex-homeowner with a very large mortgage deficiency with accruing interest.
7. In summary, they appraise a home, through their affiliate, above market value so that they can decline short sale contracts which they state they would agree to and assess arears so high that redemption is impossible.

To date these unrelenting predators have tried every legal maneuver to throw my pets and me into the street with no place to go.  Senior housing is closed at the present time and when it opens, there is a 2-4 year waiting list.

I have thus far eluded them by filing bankruptcies but our death sentence fast approaching as we would not survive being homeless.  At age nearly 74 my health has been severely affected from all the stress incurred by this Group.

To this end I am requesting a settlement of $390,000 (tax free) to cover the cost of a small 2 bedroom home plus moving costs. Your actions, or lack thereof, have placed my pets and me in a life threatening position.

If you had acted on my request for a reverse mortgage, I would be peacefully situated in a smaller home without having to go through several bankruptcies and enormous health issues.

I await your reply within 7 days before proceeding.

Sincerely.

Joan M. Hoffman
18 Smoke Rise Lane
Bedminster, NJ 07921
908 326 6543
Windows17@verizon.net

# EXHIBIT D

Recorded in the Office of
the Superior Court Clerk
Writ #030477-14

Robert D. Bailey, Esq.    (035022004)

FCZ-108756/cbe
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 101
Mountainside, NJ 07092-0024
1-908-233-8500

Washington Mutual Bank f/k/a Washington
Mutual Bank, FA

Plaintiff,

vs.

JOAN MARIE HOFFMAN; et ai

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
SOMERSET COUNTY
DOCKET NO. F-34978-08

Civil Action

AMENDED
WRIT OF EXECUTION



The State of New Jersey to the Sheriff

of the County of Somerset

# GREETING

Whereas, on the following date,

## 12/30/14

by a certain judgment in our Superior Court of New Jersey,

in a certain cause therein pending, wherein the plaintiff is

**Washington Mutual Bank f/k/a Washington Mutual Bank, FA**

and the following named parties are the defendants:

**JOAN MARIE HOFFMAN,; E*TRADE BANK;**

it was ordered and adjudged that certain mortgaged premises, with the appurtenances, in the Complaint and Amended Complaint, if any, in the said cause particularly set forth and described, that is to say:

The mortgaged premises are described as set forth upon the RIDER ANNEXED HERETO AND MADE A PART HEREOF.

Together, with all and singular the rights, liberties, privileges, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, use, property, claim and demand of the said

defendants of, in, to and out of the same, be sold, to pay and satisfy in the first place unto the plaintiff, Washington Mutual Bank f/k/a Washington Mutual Bank, FA, the sum of **$555,634.87**, being the principal, interest and late fees due as of November 6, 2009 secured by a certain mortgage dated August 6, 2007 and given by Joan Marie Hoffman, Unmarried, together with lawful interest from November 6, 2009, and secondly the sum of **$41,896.11** being the total advances made through 12/30/14 , together with lawful interest from 12/30/14 .

And for that purpose a Writ of Execution should issue, directed the Sheriff of the County of Somerset commanding him to make sale as aforesaid and that the surplus money arising from such sale, if any there be, should be brought into our said court, subject to the further order of the said court, as by the said judgment remaining as of record in our said Superior Court of New Jersey, at Trenton, doth and may more fully appear; and whereas, the costs of the said plaintiff have been duly taxed at the following sum: $ 6531.34

Therefore, you are hereby commanded that you cause a sale to be made of the premises aforesaid, by selling so much of the same as may be needful and necessary for the purpose, to raise the said sums of **$555,634.87** and **$41,896.11**, and the same you do pay to the said plaintiff together with interest thereon as aforesaid, and the sum aforesaid of costs with interest thereon; and that you have surplus money, if any there be, before our said Superior Court of New Jersey, aforesaid at Trenton, within thirty (30) days after sale; if no sale, writ returnable within twenty-four (24) months, pursuant to R. 4:59-1 (a), to abide the further order of the said court, according to the judgment aforesaid; and you are to make return at the time and place aforesaid, by certificate under your hand, of the manner in which you have executed this our writ, together with this writ.

WITNESS, the Honorable PAUL INNES, P.J.Ch, Chancery Judge of the Superior Court at Trenton, New Jersey, aforesaid, this 30TH day of DEC. , 20 14

MICHELLE M. SMITH, ESQ.
MICHELLE M. SMITH
CLERK OF SUPERIOR COURT
**Clerk of Superior Court**

ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff

BY: _____

Robert Bailey, Esq



# EXHIBIT E

 **CALIBER**
**HOME LOANS**

FOR RETURN SERVICE ONLY
P.O. Box 619063
Dallas, TX 75261-9063

*701 Market St
Suite 5700
Phila, Pa, 19106*

July 10, 2015



7-759-64651-0000073-001-1-000-000-000-000

JOAN M HOFFMAN
C/O GREGORY A MOLYNEUX ESQ
PO BOX 276
PLUCKEMIN NJ 07978-0276

Account Number: 9804062454
Property address: 18 SMOKE RISE LN
BEDMINSTER NJ

Dear Joan M Hoffman

Caliber Home Loans, Inc. recently acquired the servicing of your mortgage loan. In connection with this servicing transfer, Caliber is required to provide you with certain information regarding the outstanding debt on your mortgage loan account.

As of 7/9/2015, our records indicate that LSF9 MASTER PARTICIPATION TRUST is the creditor of your loan and the total debt is: $763,755.12.

| | | |
|---|---|---|
| Principal Balance: | $ | 499,285.96 |
| Accrued Interest through 7/9/2015: | $ | 195,584.86 |
| Fees / Costs*: | $ | 8,858.61 |
| Escrow / Unapplied*: | $ | 60,025.69 |
| **Total Debt**: | $ | 763,755.12 |

We are not requesting that you pay the entire loan balance and this is not a payoff statement. If you wish to pay off the entire amount of the loan, please contact us for a payoff statement because that balance may differ because of interest, late charges, servicing fees and other charges. A charge for the statement may apply as permitted by state law.

**You have thirty (30) days upon receipt of this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, we will assume that the debt is valid. If you dispute the debt, please contact us in writing to the above referenced address, and we will mail to you or your authorized representative verification of the debt. Verification of the debt will include all documents signed by you concerning the debt, a payment history of the debt which includes the dates and amount of payments, credits, balances and charges concerning the debt, the name and address of the original creditor, and a copy of any judgment against you regarding the debt. If, within thirty (30) days after the date you receive this letter, you request in writing the name and address of your original creditor, we will furnish you with that information. Please send written requests to: Caliber Home Loans, Inc., P.O. Box 24610, Oklahoma City, OK 73124-0610.**

### * * * IMPORTANT MESSAGE * * *

If you filed a Bankruptcy petition and there is either an "automatic stay" in effect, or you received a discharge from the Bankruptcy Court of your personal liability: (i) Caliber will not pursue collection on your mortgage loan from you personally; (ii) this notice is for informational purposes only and is not intended as a demand for payment from you personally; (iii) unless the Bankruptcy Court has ordered otherwise, Caliber continues to retain whatever rights it holds in the property that secures the loan, despite your bankruptcy filing; and (iv) this correspondence does not constitute a "reaffirmation" agreement as that term is defined in the U.S. Bankruptcy Code, 11 U.S.C. § 524(C). If you are subject to a reorganization plan that requires you to make post-petition mortgage payments directly to the trustee, any such payments should be remitted to the trustee directly in accordance with the orders of the Bankruptcy Court.

If you need additional information, please call us at 1-800-570-6768 or visit our website at www.CaliberHomeLoans.com.

*Martha Ellis*

Martha Ellis, Senior Vice President
Caliber Home Loans, Inc.

Mon. - Thurs. 9 AM to 8 PM; Fri. 9 AM to 7 PM Central Time

EXHIBIT F

# S E

Stern Eisenberg, PC
Stern & Eisenberg, PC
www.sterneisenberg.com

**Steven P. Kelly**
*Attorney*

1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
Facsimile: (215) 572-5025
skelly@sterneisenberg.com

November 14, 2017

*Via U.S. Regular Mail and Facsimile (855-266-3615)*

Gregory A. Molyneux, Esquire
P.O. Box 276
Pluckemin, NJ 07978

|          |                                              |
|----------|----------------------------------------------|
| Re:      | Joan Marie Hoffman dba Health Systems LLC    |
| Property:| 18 Smoke Rise Ln, Bedminster, NJ 07921       |
| BK Case: | 17-28245-CMG                                 |

Dear Mr. Molyneux,

Below is the amount due to pay off the loan through 11/24/2017. All payoff figures are subject to clearance of funds in the transit. The payoff is subject to final audit when presented. Payoff funds should be in certified funds.

When remitting funds, please include the full loan number ending in xxxxxx2454 to insure proper posting and provide us with the borrower's forwarding address.

| | |
|---|---|
| Unpaid principal | $499,285.96 |
| Interest | $235,090.66 |
| Escrow advances | $86,305.59 |
| Attorney's Fees, Court Costs, Sheriff's Costs, and Exterior Inspection | $2,715.00 |
| Total due | $823,397.21 |

Funds should be made payable to:
Caliber Home Loans
P.O. Box 650856
Dallas, TX 75265-0856

If you have any questions in regards to this matter, please feel free to contact our office.

Very truly yours,

Laura M. Campbell/Bankruptcy Paralegal
Stern & Eisenberg, PC

S&E/nm

# EXHIBIT G



Forensic "Securitization" Auditing, Chain of Title Analysis, Legal Support Services, Bonded & Insured
(406) 328-4075

- Home
- About Us
- Products & Services
- Why "Securitization & Chain of Title Analyses" (Audits) are Important
- FAQs
- Testimonials
- Contact Us

# Beware! The "LSF9 Master Participation Trust" Is Operating As A Secret-Agent.

Posted by Bill Paatalo on Nov 26, 2016 in Uncategorized | 0 comments

Since 2014, assignments began appearing from JPMorgan Chase Bank to "U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust" as shown here: lsf9-assignment

Very little information is available regarding this named trust, other than its registration in July of 2014 in the State of Delaware. Homeowners, frustrated by last-minute Plaintiff/Defendant name switches from Chase to this Trust, and by a complete lack of transparency regarding the identities of those involved with this Trust, have been stonewalled in discovery and steamrolled by the Courts who continue to rule, based upon a presumption, that this "LSF9 Master Participation Trust" is a legitimate assignee trust with beneficial rights to the loans. Not so fast.

In the case involving this particular assignment, evidence has surfaced that shows the "LSF9 Master Participation Trust" is in fact not a trust holding beneficial rights to the Defendant's loan, but rather it is an undisclosed "Participation Agent" for yet more undisclosed investors. In essence, the named assignee and Plaintiff in this case, *"U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust"* is nothing more than a sham. It is a trustee / fiduciary purporting to represent a secret agent disguised as a trust, to which this secret agent appears to be acting on behalf of undisclosed investors, and those undisclosed investors are apparently represented by "U.S. Bank, N.A. as the Indenture Trustee;" not "U.S. Bank Trust, N.A." Sound confusing? It should, because that is their intention – to hide and obfuscate the real parties in interest and their true authorities.

Take a look at the cover page for the "Securitization Servicing Agreement" provided by the Plaintiff *"U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust."*

SECURITIZATION SERVICING AGREEMENT

among

CALIBER HOME LOANS, INC.

as Servicer

VOLT XXVII, LLC,

as Issuer

LSF9 MASTER PARTICIPATION TRUST
as Participation Agent

WELLS FARGO BANK, N.A.

as Paying Agent

and

U.S. BANK NATIONAL ASSOCIATION

Indenture Trustee

Dated October 28, 2014

VOLT XXVII Asset-Backed Notes, Series 2014-NPL7

Notice that the "LSF9 Master Participation Trust" is delegated with the capacity "as Participation Agent." It is not the actual trust where the subject loan appears to have been pledged. This was intentionally withheld in the assignment for reasons set forth more fully below. You can also see that "U.S. Bank, N.A." is delegated as the "Indenture Trustee" for the actual Trust – *"VOLT XXVII Asset-Backed Notes, Series 2014-NPL7"* to which this Trust is not the assignee and is not the named Plaintiff.

Still, in furtherance of the deceit, Caliber's witness submits this affidavit with the following: caliber-servicer-affidavit-clip

This is clearly a false affidavit, as Caliber is named as the servicer for "U.S. Bank, National Association, as Indenture Trustee for VOLT XXVII Asset-Backed Notes, Series 2014-NPL7" according to the "Securitization Servicing Agreement."

Now, below are the signatories to this agreement. Notice it is not signed by any officer of "LSF9 Master Participation Trust, as Participation Agent." Instead, it is signed by *"Tim Matyi – Vice President – U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee."* Not only is this party not named in the agreement, but there is no "Power of Attorney" or "Attorney-In-Fact" accompanying this signature, AND, it appears that "Tim Matyi" is Vice President of both "U.S. Bank Trust, N.A." and "U.S. Bank, N.A."

[These are different entities by the way. See subsidiary list here:
**https://www.sec.gov/Archives/edgar/data/36104/000119312512075125/d261300dex21.htm**]

In addition, "U.S. Bank Trust, N.A." also failed to identify its apparent capacity in both the assignment and as the named Plaintiff which should have included, "not in its individual capacity, but solely as owner trustee."

12/8/2016                    Beware! The "LSF9 Master Participation Trust" Is Operating As A Secret-Agent.

IN WITNESS WHEREOF, the between, the issuer, the Participation Agent, the Indenture
Trustee and the Paying Agent have caused their names to be signed hereto by their respective
officers thereunto duly authorized as of the date first above written.

CALIBER HOME LOANS, INC.
as Servicer

By:
Name: Steve Smith
Title: Chief Financial Officer & Treasurer

VOLT XXVII, LLC,
as Issuer

By:
Name: Josh Wise
Title: Vice President

U.S. BANK NATIONAL ASSOCIATION,
as Indenture Trustee

By:
Name: Tim Matyi
Title: Vice President

WELLS FARGO BANK, N.A.,
as Paying Agent

By:
Name: Graham M. Oglesby
Title: Vice President

LSF9 MASTER PARTICIPATION TRUST,
as Participation Agent

By: U.S. Bank Trust National Association, not in its
individual capacity, but solely as owner trustee

By:
Name: Tim Matyi
Title: Vice President

The fact that the "LSF9 Master Participation Trust" is just a "Participation Agent" is a major clue that the loans claimed as owned by this entity are likely involved in "Loan Participation Agreements," as is self-evident by the words "Master Participation Trust." So, what exactly are "Loan Participations?" I believe the following article and excerpts may shed some light as to why the named assignee / Plaintiff is missing its capacity language "as Participation Agent."

The risks and rewards of multiple lender financings: loan participations and syndicated loans

Phillips Lytle LLP

http://www.lexology.com/library/detail.aspx?g=2f1b5567-fdf3-483f-982d-1fb41a6d9810

1. Loan Participations

In a loan participation, the originating lender transfers all or part of its interest in a loan to a participant pursuant to a participation agreement. The participation agreement defines the rights and obligations between the participant and the originating lender, including the participant's rights, if any, to direct the originating lender's actions and decisions regarding material aspects of the loan. The participant purchases an economic interest in the financing arrangements and is typically entitled to share in the economic benefit thereof, i.e., the right to receive principal and interest payments, and collect certain loan fees, while undertaking the obligation to fund any additional loans on behalf of the originating lender as required by the underlying credit agreement between the originating lender and the borrower.

In most participation agreements, the originating lender's interest in the loan is sold outright to the participant, and the originating lender does not become an agent, trustee, or fiduciary of the participant. To ensure such a relationship is not impliedly created, the participant agreement should expressly provide that the relationship between the lender and the participant is that of a buyer and a seller, and the intention of the participation is to transfer full economic rights from the lender to the participant without the creation of a fiduciary or agent relationship.

Importantly, the borrower remains directly obligated to the originating lender under the credit agreement between the originating lender and the borrower, notwithstanding the loan participation. **The participant does not become a party to the credit agreement and does not have any direct contractual relationship with the borrower. As a result, the participant does not maintain any direct claims against the borrower or any collateral securing the loan.**

## III. Benefits and Risks of Loan Participations

**In a participation, the participant has no direct rights against the borrower,** but does not have any direct obligations under the loan agreement (e.g., commitment to lend).

**Participations may create value for the lender, especially in a distressed situation, by creating a market for the beneficial interest, while allowing the lender to remain the record owner of the loan for purposes of maintaining its relationship with its client.**

By selling the participation, the lender is able to reduce its credit risk in the loan while adding another source of financing for the borrower in the event that the terms of the credit agreement require additional funding. Simultaneously, the sale of its beneficial interest allows the lender to realize capital while permitting the lender to use the proceeds of the sale to take advantage of new lending opportunities.

However, the participation can prove to be quite burdensome on the lender. Understandably, given the rights at stake, participation agreements can be quite complex and require substantial negotiation.

**Further, servicing the participation can prove a challenge for the lender. Since the lender is the intermediary between the borrower and the participant, the lender may spend much time and effort transferring funds received by the borrower or advanced by the participant, or, to the extent required by the participation agreement, providing current information about the loan and the borrower to the participant.**

Moreover, the participant may have the right to prevent material economic changes to the credit agreement. If the lender provides the participant with such veto rights, the participant, regardless of the size of its interest in the loan, may be able to block an entire restructuring of the facility. As the participation agreement must comply with the terms of the credit agreement, it is prudent for the lender to carefully analyze the terms and conditions of the credit agreement to ensure there are no inconsistent provisions.

**From the perspective of the participant, because the participation agreement is solely between the lender and the participant, in most cases, the participant enjoys the benefit of purchasing a beneficial interest in the loan while keeping its anonymity. This allows the participant to shelter the existence of the participation relationship from the borrower, other lenders, and the global loan market. However, it is**

**possible for the credit agreement to contain certain conditions upon the transfer of the lender's beneficial interest in the loan, such as** (i) requiring the borrower's consent; **(ii) requiring notice to the borrower;** (iii) restricting the amount that can be transferred; and **(iv) requiring that the participant be an eligible assignee.**

**While the participant may not have direct rights against the borrower**, the participant can preserve its rights under the credit facility within the participation agreement. Significantly, participant agreements might allow the participant to prevent material amendments to the credit agreement and any material waivers of rights by the lender. It is also not uncommon for the credit agreement to provide the participant with third party beneficiary rights when participation is contemplated at the time the initial credit is extended by the lender.

**As a legal matter, the participant is not in privity with the borrower and does not maintain any direct causes of action or rights of set-off against the borrower**. Rather, the participant must generally rely on the lender to protect its rights. If the participation agreement does not provide the participant with the ability to force the lender to enforce remedies against the borrower, the participant could be left in a relatively weaker position.

A lot more can be said about this, but it appears that these "participation agreements" may be at the root of all the secrecy and lack of transparency, as participants are not deemed "creditors" with rights against the borrower even though they may have purchased the loans – in secret.  As I continue to drill-down on this, it just may be that the "participants" in whatever entity owns these loans, has no legal recourse against the borrowers, but are foreclosing anyway behind the veil of these deceptive assignments.

Bill Paatalo – Private Investigator – OR PSID#49411

Bill.bpia@gmail.com

(406) 328-4075

## Leave a Reply

Your email address will not be published. Required fields are marked *

Name *

Email *

Website

X993QWRiq6Ye              **\* Copy This Password \***

                          **\* Type Or Paste Password Here \***

Comment

12/8/2016                    Beware! The "LSF9 Master Participation Trust" Is Operating As A Secret-Agent.

You may use these HTML tags and attributes: `<a href="" title=""> <abbr title=""> <acronym title=""> <b> <blockquote cite=""> <cite> <code> <del datetime=""> <em> <i> <q cite=""> <s> <strike> <strong>`

[ Submit Comment ]

## Recent Posts

- Beware! The "LSF9 Master Participation Trust" Is Operating As A Secret-Agent.
- "Who Is Private Investor 'AO1?" JPMorgan Chase Refuses To Reveal The Identity Of This Investor."
- Federal Judge Compels Nationstar To Produce (False) Modification / Accounting Records
- Washington Mutual Bank Sold These 67,529 Toxic Loans, And Not One Single Foreclosure By The Investors?
- U.S. Bank as Trustee for WaMu 2007-OA3 Trust Denies Its Own Existence

## Comments

- Janet on U.S. Bank as Trustee for WaMu 2007-OA3 Trust Denies Its Own Existence
- Janet on Was Countrywide The Real "Lender," Or Merely An "Agent" For The Lender? More Deception Regarding "America's Wholesale Lender."
- Janet on Exposed For Conducting Illegal Foreclosures, Bank Lawyers Left To Flounder In Montana Courts
- Janet on Exposed For Conducting Illegal Foreclosures, Bank Lawyers Left To Flounder In Montana Courts
- Janet on Was Countrywide The Real "Lender," Or Merely An "Agent" For The Lender? More Deception Regarding "America's Wholesale Lender."

## Archives

- November 2016
- August 2016
- July 2016
- February 2016
- December 2015
- October 2015
- September 2015
- June 2015
- April 2015
- January 2015
- December 2014
- November 2014
- October 2014
- September 2014
- July 2014
- April 2014
- March 2014
- January 2014
- December 2013
- October 2013
- September 2013
- August 2013
- June 2013
- May 2013

12/8/2016                    Beware! The "LSF9 Master Participation Trust" Is Operating As A Secret-Agent.

- March 2013
- February 2013
- January 2013
- December 2012
- November 2012
- October 2012
- September 2010



- Home
- About Us
- Products & Services
- Why "Securitization & Chain of Title Analyses" (Audits) are Important
- FAQs
- Testimonials
- Contact Us

©2012 All Rights Reserved | Terms & Conditions

Website By:  

# EXHIBIT H

 **CALIBER**
**HOME LOANS**

PO Box 24610
Oklahoma City, OK  73124-0610

### Receive a CASH incentive of $35,000.00!

March 8, 2016

JOAN M HOFFMAN
C/O GREGORY A MOLYNEUX ESQ
PO BOX 276
PLUCKEMIN      NJ  07978

Re:     Borrower: ,              JOAN M HOFFMAN
        Loan Number:            9804062454
        Property Address:       18 SMOKE RISE LN
                                BEDMINSTER      NJ  07921

Dear JOAN M HOFFMAN:

**Receive cash!  Avoid Foreclosure!** As the Servicer of your loan, we want to work with you to avoid foreclosure by inviting you to participate in our **Short Sale Cash for Cooperation Program.** This program is designed to assist you in selling your property at, or near, the fair market value.

By participating in our Short Sale Cash for Cooperation Program, you would be eligible for a cash incentive when your property is sold and escrow closes.  In addition, we will **forgive the remaining balance** on the loan that may result from the short sale.

**Benefits to you:**
- **Receive a CASH incentive of $35,000.00** for completing the short sale,
- Avoid foreclosure and the negative impact to your credit arising from a foreclosure,
- **Get relief by resolving your debt <u>for good</u>!**

We will make the process simple and easy.  And, if requested, we will even help you find a realtor to assist you.

<u>Avoid Foreclosure—Respond Today!!!</u>
**Call now to take advantage of this offer.  Dial 1- 866-650-0968. Our hours of operation are 9:00 a.m. to 7:00 p.m., Central Time, Monday through Friday. Hurry, this offer expires 15 days from the date of this letter.**

Sincerely,
Gus Sanchez
Property Solutions
Caliber Home Loans, Inc.

*Note: There is no guarantee that you will qualify for a particular foreclosure alternative. Foreclosure activity will not cease until a foreclosure alternative agreement has been approved.*

*Note: Please take note that forgiveness of debt may have adverse credit and legal consequences and may result in taxable income to you. You are advised to seek advice from an attorney, certified public accountant, or other tax professional regarding potential consequences of any debt forgiveness pursuant to this agreement. Caliber Home Loans, Inc. does not provide any tax advice.*

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

# CALIBER
## HOME LOANS

P.O. Box 619063 • Dallas, TX 75261-9063

QUALIFIED CUSTOMERS RECEIVE A
$35,000.00
RELOCATION INCENTIVE!

2-759-68568-0001537-001-1-000-000-000-000

JOAN M HOFFMAN
PO BOX 276
C/O GREGORY A MOLYNEUX ESQ
PLUCKEMIN NJ 07978-0000

Loan Number      9804062464
Property Address:  18 SMOKE RISE LN
BEDMINSTER   NJ 07921

January 19, 2016

Dear Joan M Hoffman,

Caliber Home Loans, Inc., your current mortgage servicer, would like to offer you the opportunity to sell your property and avoid a foreclosure sale. This settlement offer, often called a "short sale", is available to qualified borrowers even if the amount of the account exceeds the final sale price.

Short sales are offered by Caliber in the ordinary course of business to provide borrowers with an alternative to foreclosure. If you qualify, you are eligible to receive a relocation incentive after selling your property.*
To accept this offer and find out more information call Caliber Home Loans at (877) 279-5387 by the deadline listed below.

**SELL YOUR PROPERTY AND GET PAID A RELOCATION INCENTIVE!**
This program is designed to assist homeowners. We understand it can be costly to move. If you qualify for this program you may receive an incentive in the amount of $35,000.00!

**WE WILL GUIDE YOU THROUGH THE PROCESS**
Caliber is here to help guide you through the process. By participating in the **Relocation Incentive Program** you may receive:
• Assistance with the sale of your property, including assistance in finding a real estate agent if necessary
• Relocation assistance

Call 877-279-5387 and tell the representative you would like to learn more about the **Relocation Incentive Program** and to find out if you qualify. This offer expires **February 29, 2016.**

Sincerely,
Single Point of Contact Department
Caliber Home Loans, Inc

Mon. – Thurs. 8 AM to 9 PM; Fri. 8 AM to 7 PM Central Time

* Program qualification requires title approval and the sale of secured property at or above fair market value, as determined by Caliber. Qualifying borrowers will receive relocation incentive regardless of the outstanding balance on their account.
Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

CD_1

# EXHIBIT I

**From:** gregory.molyneux <gregory.molyneux@verizon.net>
**To:** windows17 <windows17@verizon.net>
**Subject:** Res Net
**Date:** Mon, Oct 2, 2017 3:59 pm

Received this message from Jennifer:

*FYI - Foreclosure sale date 11/14/17, any offers must be submitted in the Offers tab in ResNet no less than 37 DAYS prior to the foreclosure sale date to be considered*

# EXHIBIT J

ResNet message

**From:** gregory.molyneux <gregory.molyneux@verizon.net>
**To:** windows17 <windows17@verizon.net>
**Subject:** ResNet message
**Date:** Tue, Oct 3, 2017 3:23 pm

*Gregory Molyneux, Jennifer Fabi*
Ms. Hoffman advises that because of the extreme amount of work and repairs needed for 18 Smoke Rise Lane, Bedminster, NJ we find that no one is willing to pay the $550,000 amount set forth by your appraiser, and further advises that he noted in his report that there were additional repairs he did not take into account as he was not a licensed contractor and the appraisal should be lower.


-----Original Message-----
From: Joan Hoffman <windows17@verizon.net>
To: gregory.molyneux <gregory.molyneux@verizon.net>
Sent: Tue, Oct 3, 2017 3:09 pm
Subject: Re: Chase check and letter


Could you pls send me a copy  Thanks

12/25/2017                                                                                    resnet

**From:** gregory.molyneux <gregory.molyneux@verizon.net>
**To:** windows17 <windows17@verizon.net>
**Subject:** resnet
**Date:** Tue, Oct 24, 2017 1:46 pm

message from Jennifer received today:


*I would like to take this opportunity to tell you about a change in policy and how this change affects this property. As you are aware, all short sales are subject to lender approval. This account is no longer eligible for a short sale and we will not approve a loss. If the homeowner wishes to pursue retentive options to remain in the property, they may contact our SPOC department at 800-401-6587 for other alternatives. FYI: There is a foreclosure sale scheduled for (11/14/17)*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

JOAN MARIE HOFFMAN
18 SMOKE RISE LANE
BEDMINSTER, NEW JERSEY 07921
908 326 6543

In Re:

JOAN MARIE HOFFMAN
D/B/A HEALTH SYSTEMS  LLC

U.S BANKRUPTCY COURT
FILED
TRENTON, NJ

2018 MAR 15  P 2: 36

JEANNE A. NAUGHTON

BY:_____
DEPUTY CLERK

Case No.:        18-11287-CMG

Chapter:              7

Adv. No.:        _____

Hearing Date:    MARCH 27, 2018

Judge:              Gravelle

## CERTIFICATION OF SERVICE

1. I, ___JOAN MARIE HOFFMAN___ :

   ☐ represent _____ in this matter.

   ☐ am the secretary/paralegal for _____, who represents

   _____ in this matter.

   ☒ am the ___DEBTOR___ in this case and am representing myself.

2. On ___MARCH 13, 2018___, I sent a copy of the following pleadings and/or documents
   to the parties listed in the chart below.

   NOTICE OF MOTION TO IMPOSE THE AUTOMATIC STAY
   CERTIFICATION OF JOAN MARIE HOFFMAN
   AMENDED COMPLAINT C-12005-18 SUPERIOR COURT SOMERSET COUNTY FILED
   JANUARY 31, 2018

3. I certify under penalty of perjury that the above documents were sent using the mode of service
   indicated.

Date: ___MARCH 12, 2018___

_____
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| CALIBER HOME LOANS<br>13801 WIRELESS WAY<br>OKLAHOMA CITY, OK 73134 | CREDITOR | ☐ Hand-delivered<br>☐ Regular mail<br>☒ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| JOHN W. HARGRAVE, ESQ.<br>Law Offices of John W. Hargrave<br>117 CLEMENTS BRIDGE ROAD<br>BARRINGTON, NJ 08007 | TRUSTEE | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| KML LAW GROUP<br>216 HADDEN AVE. SUITE 406<br>WESTMONT, NJ 08108 | SHERIFF SALE ATTORNEYS FOR CALIBER HOME LOANS | ☐ Hand-delivered<br>☐ Regular mail<br>☒ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |